IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD HUNTER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 18-1431 |
| | : | |
| **CELLCO PARTNERSHIP, INC.,** | : | |
| doing business as Verizon Wireless | : | |

**MEMORANDUM**

**SCHMEHL. J.**                                                                                                                              **June 11, 2019**

      This action was originally commenced by Plaintiff in the Court of Common Pleas of Montgomery County, then removed by Defendant to this Court on the basis that the three state-law claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA). Presently before the Court is the Defendant's motion to dismiss the three claims to the extent they seek severance benefits.[1] For the reasons that follow, the motion is granted.

      On a motion to dismiss for failure to state a claim, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (citing

---

[1] **The parties agree that to the extent the three claims seek long-term incentive awards, the three claims are subject to arbitration.**

*Papasan v. Allain*, 478 U.S. 265, 268 (1986)). In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

In addition, a Court may consider matters of public record and undisputed authentic documents not attached to the complaint, if the complainant's claims are based on these documents. *Dooley v. U.S. Steel Workers of America, PIUMPF,* 2016 WL 7178778 n.1 (W.D.Pa. Dec 9, 2016).

The Complaint alleges that after working for the Defendant for 15 years, the last five of which were as Director of Retail, Plaintiff was terminated in 2016 "for cause." Plaintiff was accused by the Defendant of organizing a trip with co-workers to an after-hours club in New York City during a marketing conference in October, 2016. Plaintiff alleges that at the time he was terminated, he was entitled to 30 weeks of severance pay. Defendant has refused to pay Plaintiff any severance benefits. Plaintiff asserts claims for violation of Pennsylvania's Wage Payment and Collection Law, breach of implied contract and unjust enrichment. In all three claims, Plaintiff seeks, *inter alia*, severance benefits.

In its motion to dismiss, Defendant argues that all three state law claims must be dismissed because they are preempted by ERISA. The Court agrees.

It is well-settled that when a purportedly state-law claim 'comes within the scope of [an exclusively] federal cause of action,' it 'necessarily "arises under" federal law,' and is completely preempted." *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445-46 (3d Cir. 2003) (quoting *Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983)). Therefore, a plaintiff's state law claims are completely preempted by ERISA if "the claim 'could have been the subject of a civil enforcement action under § 502(a).'" *Id.* at 446 (quoting *Pryzbowski*, 245 F.3d at 273). That section allows civil actions "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).[2] As a result, "challenges [to] an administrative decision regarding whether a certain benefit is covered under an ERISA plan" are completely preempted by ERISA. *DiFelice*, 346 F.3d at 446. In addition, a state law claim is expressly preempted under § 514(a) of ERISA if the state law giving rise to the claim "relates" to the benefit plan in that "it has a connection with or reference to such a plan," even if the law is not specifically designed to affect employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

In this case, all three of Plaintiff's claims are directed at the Defendant's decision that Plaintiff is not entitled to severance benefits under the Severance Plan because he was terminated "for cause," and are thus completely preempted by §§ 502(a) and 514(a) of ERISA. *See*, *Stanley v. Int'l Broth. of Electrical Workers*, 207 F. App'x 185 (3d Cir. 2006) (unjust enrichment claim preempted by ERISA.) *Haymaker v. Reliance Standard Life Ins. Co. of America*, 2016 WL 1696851 n. 2 (E.D. PA. April 27,

---

[2] **Plaintiff does not dispute that Defendant's Severance Plan is an ERISA employee welfare benefit plan as defined by 29 U.S.C. 1002(1)(A).**

2016)(Plaintiff's breach of contract and Pennsylvania WPCL claims were preempted by ERISA);

Plaintiff disingenuously argues that because the Verizon Severance Plan admittedly excludes him from receiving severance benefits because he was terminated "for cause," he is actually not seeking benefits under the Plan. Rather, according to Plaintiff, he is seeking severance benefits pursuant "to the alternative arrangements that Defendant has offered to other senior managers, but did not offer to Plaintiff."(ECF 7, p.2)[3]

Regardless of whether Plaintiff was eligible to receive severance benefits, he still was a participant in the Severance Plan while an employee of Defendant, and his eligibility relates to the Severance Plan.[4] Plaintiff has not identified any other severance plan for employees of Defendant, and even if he did, why that plan would not also be governed by ERISA. Indeed, the Severance Plan specifically states that "[t]he Plan supersedes all other separation or severance pay plans or practices previously in effect for some or all Employees." (ECF 2-8, Exh. A, ¶ 1.3). The Plan also states that "[i]n the event of any conflict between this document and any other document, instrument, or communication describing the policies or procedures with respect to separation benefits for Employees (as defined below) the terms of this document are controlling." (*Id.* at ¶ 1.1).

---

[3] **Plaintiff references a provision of the Plan which states: "The separation benefits under this Plan are not intended to duplicate separation benefits under any other severance plan or arrangements maintained by any Verizon Company." (ECF 2-8 Exh. A at 1.3)**
[4] **The Plan states that it "covers each regular full-time or part-time salaried or non-represented hourly employee who is employed by a Participating Company at a Career Band of Level 5 or below, who has at least one day of service. . ." (ECF 2-8, Exh A, ¶ 2.1)**

The Court recognizes that Plaintiff brought this action in state court under Pennsylvania law. However, even if the Court were to allow the Plaintiff to amend his complaint to assert claims under ERISA, such an amendment would fail, because Plaintiff does not contend he exhausted his remedies under the Severance Plan (ECF 2-8, Ex. A, ¶¶ 5.2-5.3), or that doing so would be futile. *See Harrow v. Prudential Insurance Company of America*, 270 F. 3d 244, 249 (3d Cir. 2002).

For the above reasons, the motion to dismiss is granted and the portion of the Complaint seeking severance benefits is dismissed with prejudice.